The People of the State of New York ex rel. Roswell W. Keene, Respondent, *v.* The Board of Supervisors of the County of Kings and The Board of Supervisors of the County of Queens, Appellants.

*Bridge — over a tidal stream dividing two counties — if it constitutes part of a highway its construction will be compelled.*

The duty imposed by section 68 of chapter 686 of the Laws of 1892 upon the boards of supervisors of two counties to construct a bridge, which is part of a public highway, over a navigable tide water stream, the boundary line between the counties, is a mandatory one: and a peremptory writ of mandamus will issue to compel the boards of supervisors of such counties to construct such bridge, at the joint expense of the two counties, within one year from the time when the writ issues.

Appeal by the defendants, The Board of Supervisors of the County of Kings and The Board of Supervisors of the County of Queens, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of July, 1895, directing the issuance of a peremptory writ of mandamus commanding the defendants to construct a bridge across Newtown creek at Maspeth avenue, at the joint expense of the two counties, within one year from the issuance of the writ.

*Roswell W. Keene,* respondent, in person.

*George F. Elliott* and *Francis H. Van Vechten,* for the appellants.

Dykman, J.:

This is an appeal by the defendants from a final order directing the issuance of a peremptory writ of mandamus commanding the defendants to construct a bridge across Newtown creek at Maspeth avenue, at the joint expense of the two counties, within one year from the issuance of the writ.

The proceeding was instituted to compel the construction and maintenance of a drawbridge across Newtown creek at Maspeth avenue. That creek is a tide water navigable stream at that point, and forms the boundary line between the counties of Kings and Queens.    There was formerly a bridge at that point which was long since destroyed.

The case was carried to the Court of Appeals upon a demurrer to the alternative writ of mandamus heretofore issued in the proceeding, and it was there held that the facts alleged in the writ were sufficient to show that Maspeth avenue was a public highway and that the bridge constituted a part of the same. The provision of the statute which controls the case is as follows : " But when such bridge shall span any portion of the navigable tide-waters of this State, forming at the point of crossing the boundary line between two counties, such expense shall be a joint and equal charge on the two counties in which the bridge is situated, and the board of supervisors in each of such counties shall apportion such expense among the several towns and cities in their respective counties." (§ 68 of chap. 686 of the Laws of 1892.)

It was said by the Court of Appeals in that case that the duty imposed by the statute (Chap. 686 of the Laws of 1892, § 68) upon the boards of supervisors of the two counties is plainly demonstrative and mandatory and not discretionary ; that, being a power conferred for the benefit of the public, it is imperative. (*People ex rel. Keene* v. *Supervisors*, 142 N. Y. 277 ; *People ex rel. Otsego County Bank* v. *Supervisors*, 51 id. 401.)

The case has now been tried and the following facts have been specifically found by the jury by direction of the court :

*First.* That the relator is a citizen and freeholder of the State.

*Second.* That Maspeth avenue is a public highway, extending from a point near Maspeth Hotel to a point near Bushwick Church, as it was laid out in 1836.

*Third.* That Maspeth avenue did cross Newtown creek.

*Fourth.* That Newtown creek is the boundary line between Kings and Queens counties.

Thereupon application was made upon such findings and the other papers in the case for a peremptory writ of mandamus, and an order for its issuance was made. We concur with the trial judge in respect to the public character of Maspeth avenue. It has been a public highway for half a century. That character has adhered to it through all its transmutations and changes.

The order should be affirmed, with costs.

Pratt, J., concurred ; Brown, P. J., not sitting.

Order affirmed, with costs.