THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSWELL W. KEENE, Respondent, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF QUEENS, Appellant, Impleaded with THE BOARD OF SUPERVISORS OF THE COUNTY OF KINGS.

1. HIGHWAYS — TURNPIKE ROADS. The policy of the state, as indicated by legislation, is that public roads, constructed by turnpike or other corporations under special charters or general statutes, shall, on dissolution of the companies which constructed them, or their abandonment by such companies, become and be thereafter treated as public highways.

1896.]. People ex rel. Keene v. Supervisors. 191

N. Y. Rep.] Opinion of the Court, per Andrews, Ch. J.

2. Maspeth Avenue — Newtown Creek Bridge. The facts in reference to Maspeth avenue, in the counties of Kings and Queens, constructed in 1836 by a turnpike company and carried across Newtown creek, a navigable tidal stream forming the boundary between the two counties, by a bridge in existence from 1836 to 1878, furnish reasonable ground for the presumption that the rights of the turnpike company and its successors have been extinguished, and that the road has become a legal public highway, so that the statutory duty of rebuilding the bridge (County Law, G. L. ch. 18, L. 1892, ch. 686, § 68) rests upon the boards of supervisors of the two counties.

*People ex rel. Keene* v. *Supervisors*, 91 Hun, 241, affirmed.

(Submitted November 30, 1896; decided December 15, 1896.)

Appeal by the Board of Supervisors of the County of Queens from an order of the General Term of the Supreme Court in the second judicial department, entered December 3, 1895, which affirmed a final order of Special Term awarding a peremptory writ of mandamus directing the boards of supervisors of the counties of Kings and Queens to rebuild a bridge across Newtown creek at Maspeth avenue.

The facts, so far as material, are stated in the opinion.

*Francis H. Van Vechten* for appellant. Assuming that Newtown creek is the boundary between Kings and Queens counties, the county is under no duty to construct the bridge in question as the road known as Maspeth avenue in Kings county and in Queens county is not a public highway. ( *Westbrook* v. *Gleason*, 79 N. Y. 23 ; *C. P. E. Church* v. *Mack*, 93 N. Y. 488; Const. of N. Y. art. 1, § 6; *Speir* v. *Town of New Utrecht*, 121 N. Y. 420 ; *People ex rel.* v. *Osborn*, 84 Hun, 441; *Brinckerhoff* v. *Brown*, 7 Johns. Ch. 217.)

*Roswell W. Keene*, respondent, in person. Maspeth avenue is a public highway and there was nothing for the jury to pass upon on the trial. (*Heath* v. *Barman*, 49 Barb. 496; 50 N. Y. 302; 1 R. S. [ed. 1835] 581–591; 3 R. S. 3243, § 199; L. 1838, ch. 262; 3 R. S. 3215, § 59.)

Andrews, Ch. J. The decision on the former appeal (142 N. Y. 271), overruling a demurrer to the alternative writ,

adjudged that on the facts stated the duty to construct a bridge over Newtown creek rested upon the counties of Kings and Queens. It was alleged in the writ that Newtown creek was the boundary between the two counties and this was conceded on the trial of the issues made by the return and must be taken as an undisputed fact on this appeal. It was claimed on the part of the defendants on the argument of the demurrer, that it did not sufficiently appear upon the allegations of the writ that Maspeth avenue was a public highway. This was an essential fact, for the reason that the liability of towns or counties to construct bridges over waters dividing them only exists where there is a lawful highway which would be connected by, and of which the bridge would form a part. (*Beckwith* v. *Whalen*, 70 N. Y. 430.) But it was held on the former appeal that it sufficiently appeared by the writ that Maspeth avenue was a public highway and the decision proceeded on that assumption. After the decision on the demurrer the defendants made a return to the writ, denying, among other things, that Maspeth avenue was a lawful highway, and upon the trial of the issues the history of Maspeth avenue and the facts bearing upon the controverted question were shown. The jury, under the direction of the court, found that Maspeth avenue was a public highway. This ruling presents the only question of any importance on this appeal. The facts are undisputed, and if they established that Maspeth avenue was a lawful highway, and a finding to the contrary would have been set aside as contrary to the evidence, the ruling of the trial judge was justified. It is undisputed that from the year 1836 to the present time Maspeth avenue, on each side of Newtown creek, has been used as a public highway. It is also undisputed that from 1836 to the year 1878 a bridge was maintained spanning the creek, connecting the two parts of Maspeth avenue at that point. The avenue was not laid out under the general highway system of the state. It was originally a turnpike road, constructed by the " Maspeth Avenue and Toll Bridge Company," a turnpike corporation incorporated by chapter 113 of the Laws of

1836. The charter described the termini and general course of the road to be constructed, and authorized the company to construct and maintain a toll bridge over Newtown creek to make a continuous line. The duration of the charter was fixed by the original act at thirty years and was extended fifteen years by a subsequent statute. The road was laid out and particularly described by commissioners appointed by the governor pursuant to the provisions of the Revised Statutes. (1 Rev. St. [2d ed.] p. 581 *et seq.*) In 1868, under the authority of chapter 598 of the Laws of 1867, a new corporation known as the "Maspeth Avenue and Bridge Company," was formed by the consolidation of the turnpike company and a railroad company. The new company possessed all the powers and was made subject to all the restrictions contained in the charters of the constituent companies. In the same year the new corporation executed a mortgage on its property and franchises, which was foreclosed in 1873, and one Stanford became the purchaser on the sale. In 1875 or thereabouts the taking of toll was discontinued and the bridge became decayed and fell down or was removed, and has never been replaced. Since 1878 neither of the two corporations mentioned nor the purchaser on the mortgage foreclosure have, so far as appears, exercised or claimed any right in Maspeth avenue. The inference is fully justified by what appears in the record that the parties interested abandoned to the public the roadway, and the road has been used by the public as an ordinary highway since the year 1878. In 1891 a formal dissolution of "The Maspeth Railroad and Bridge Company" and a forfeiture of its charter and franchises were decreed in an action brought by the attorney-general in the name of the People, in which the representatives of the purchaser on the foreclosure sale in 1873 were joined with the company as defendants.

We think there can be no doubt on the undisputed evidence that the part of Maspeth avenue lying in the county of Queens had become, long before this proceeding was instituted, a lawful public highway. It not only has been used as

a highway for a long period, but under the highway system the town in which it is located has assumed to control it. It has for several years past been annexed to a road district, and public money has been appropriated and expended by the town authorities in making and repairing it. In addition, it has been recognized by the board of supervisors of Queens county as a highway, which will be hereafter more particularly referred to.

The policy of the state, as indicated by legislation, is that public roads constructed by turnpike or other corporations under special charters or general statutes, shall, on dissolution of the companies which constructed them, or their abandonment by such companies, become and be thereafter treated as public highways. The first section of the act, chapter 262 of the Laws of 1838, declares that "whenever any turnpike corporation shall become dissolved or the road discontinued, its road shall become a public highway and be subject to all the legal provisions regulating highways." The third section makes substantially the same provision as to a toll bridge, when the corporation owning it shall become dissolved. By the act, chapter 87 of the Laws of 1854, plank and turnpike road companies organized under the act of 1847 are authorized, with the consent of stockholders, to abandon the whole or any part of their roads, and the statute declares, "the plank or turnpike road, or the portion thereof so surrendered, shall cease to be the road or property of the company, and revert and belong to the several towns through which it was constructed." It was held in *Heath* v. *Barmore* (50 N. Y. 302) that the act of 1854 applied as well to a plank road constructed on lands acquired by the company, and which before were not part of a highway, as to a plank road constructed on an existing highway. The act, chapter 780 of the Laws of 1872, indicates the same public policy as the prior acts mentioned.

This case seems to be within the words of the act of 1838. The successor of the turnpike company has been dissolved, and the turnpike and bridge were long since abandoned by the

former owners. The purchaser on the mortgage foreclosure stands in the same situation as the corporation to whose rights he succeeded. (Chap. 780, Laws of 1866.) But, irrespective of the act of 1838, the public authorities of the counties of Kings and Queens have recognized in the most emphatic way that Maspeth avenue was and is a public highway. Prior to the institution of these proceedings petitions had been presented to the boards of supervisors of both counties for the construction of a bridge to connect the two parts of Maspeth avenue, and in 1890 resolutions were passed by both boards directing that a bridge should be constructed. Subsequently, in 1891, the boards desiring legislative sanction for the expenditure of a larger sum of money for this purpose than had been contemplated, caused an act to be prepared and presented to the legislature authorizing the work, which was enacted as chapter 290 of the Laws of 1891, but no proceedings were taken under it because the bill was in violation of art. 3, sec. 18, of the Constitution, which, among other things, prohibits the passage by the legislature of a private or local bill for building bridges except in certain specified cases. The act was unnecessary, as the existing statutory authority was adequate to authorize the construction of the bridge by the two counties, as we held on the former appeal. The acts of the boards of supervisors, to which reference has been made, were explicit admissions by the public authorities of both counties that Maspeth avenue was then a public highway, extending into both counties, for otherwise there would be no obligation on either to construct the bridge. It does not appear that the authorities of Kings county had worked or improved the part of the avenue in that county. But the action of the board of supervisors of Kings county is quite as significant upon the question whether the part of Maspeth avenue in that county was a public highway as any action of the town authorities would have been. It furnishes reasonable ground for the presumption that the rights of the turnpike company and its successors in and to Maspeth avenue, if any existed, had in some way been extinguished and that it

had become a legal public highway. It was not shown that the corporate authorities of Kings county had ever refused to recognize it as a highway, and no explanation was attempted to be made of the action of the board of supervisors so as to make it consistent with the claim that it had not acquired the character of a public highway.

We think that upon the facts proved the judge was authorized to direct a finding that Maspeth avenue, as laid out in 1836, was, and now is, a public highway. This disposes of the only material question on this appeal, and the order appealed from should, therefore, be affirmed.

All concur.

Order affirmed.