PEOPLE ex rel. GRAHAM v. STUDWELL et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. HIGHWAYS—LIABILITY OF TOWN FOR REPAIRS—CONSENT OF TOWN BOARD.
    Though work on a highway, done by the commissioner of highways, is necessary, a town cannot be made liable therefor by confirmation or approval after the work is done; this not amounting to consent, required by Laws 1899, p. 108, c. 84, § 10, providing, if a highway shall be damaged or become unsafe, the commissioner of highways of the town may cause it to be immediately repaired, "if consented to by the town board."

Appeal from Special Term, Westchester County.

Mandamus, on the relation of Samuel H. Graham, against Edwin F. Studwell and others, composing the town board of the town of Rye. From an order overruling a demurrer to an alternative writ, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Herbert Reeves (George A. Slater and Alexander S. Rowland, on the brief), for appellants.

Charles P. Cowles (Justus A. B. Cowles, on the brief), for respondent.

JENKS, J. An alternative writ of mandamus commands the defendants, as officers of the town of Rye, to convene as a town board, and "give their consent in the manner provided by law to the payment" of a claim of the relator. As the defendants have demurred, the facts, being thus stated by the relator, are as follows:

The relator, Graham, was during the period of time from April, 1895, to January, 1902, one of the commissioners of highways of the town of Rye, duly elected and qualified to act as such officer, and while so acting he performed the work, labor, and services for the repair of the highways hereinafter mentioned, in excess of the money in his hands as such commissioner of highways, as hereinafter stated, upon certain of the highways of the said town, which said highways

were all within the district assigned to him as such commissioner of highways by the town board of the town of Rye in the manner provided by law, and that the said relator on or about the 26th day of December, 1901, presented his account as one of the highway commissioners of the town of Rye, in proper form, duly verified, including an account of the said work, labor, and services to the town auditors of the said town, and that thereafter the said town auditors of the town of Rye found the same correct, except that the said town auditors found that the said relator had spent, over and exceeding the money in his hands as such commissioner of highways, the sum of $1,230.50 for the repair of the said highways. The said sum included the items of the said work, labor, and services which constitute the said claim of the relator; said items being:

| | | |
|---|---:|---:|
| Overwork on Locust avenue, near residence of Le Roy E. Ganun..... $ | 46 | 00 |
| Overwork on general repairs to highways........................ | 217 | 25 |
| Overwork on Elm street........................................ | 218 | 75 |
| Overwork on Glenwood Road.................................... | 494 | 50 |
| Overwork on Kirby avenue..................................... | 234 | 00 |
| Total .................................................. $1,210 | 50 | |

The said work, labor, and services were expended by the said relator, as such commissioner of highways, upon the said highways, for the repair of the said highways, which then were in a dangerous and unsafe condition, and that the said relator has duly presented his said claim to the town board of the town of Rye, and has duly requested the said town board of the town of Rye to give their consent to the payment of his said claim, and that the said town board of the town of Rye have refused to give their consent to the payment of the same, or any part thereof, and that the said town board of the town of Rye then was, and now is, composed of the defendants Edwin F. Studwell, as supervisor, A. W. W. Marshall, as town clerk, and Wilson F. Wakefield, Stephen A. Marshall, Bernard Baruch, and Patrick Kane, as justices of the peace.

The grounds of the demurrer are (1) that said writ does not state facts sufficient to constitute a cause of action, or sufficient to justify the commands of the writ, or any part of such commands; (2) that said writ is issued to a person, officer, or board to control a discretion conferred by law upon them; (3) that said writ commands the doing of an act which the respondents have no power to perform; and (4) that the mandamus herein was not, and a mandamus is not, the relator's proper remedy. The demurrer was overruled, and the defendants appeal. I think that the demurrer should have been sustained.

The consent in the manner provided by law is that specified by section 10 of the highway law (Laws 1899, p. 108, c. 84), which reads as follows:

"If any highway or bridge shall at any time be damaged or destroyed by the elements or otherwise, or become unsafe, the commissioner of highways of the town in which such highway or bridge may be may cause the same to be immediately repaired or rebuilt if consented to by the town board, but if the expense thereof exceed five hundred dollars, it shall be done under a written contract therefor which must be approved by the town board and the commissioners of highways shall present the proper vouchers for the expense thereof

to the town board, at their next annual meeting, and the same shall be audited by them and collected in the same manner as amounts voted at town meetings."

I think that this statutory consent is not satisfied by a confirmation or approval after the work has been done, but that the statute requires an assent to the doing of the work, inasmuch as the giving of the consent involves a determination whether the work is or was proper. Consent supposes a physical power to act, a moral power of acting, and a serious determination, and a free use of powers. Bouvier, Law Dict. "Consent," as a substantive, is the synonym of "assent," "acquiescence," "concurrence," and means an agreement or harmony of opinion or sentiment. Clem v. State, 33 Ind. 418, 431. Consent is an act of reason accompanied with deliberation. Anderson, Law Dict., quoting 1 Story, Eq. Jur. 222. Judge Story, in his work cited, says:

"Consent is an act of reason accompanied with deliberation, the mind weighing as in a balance the good and evil on each side. And therefore it has been well remarked by an able commentator on the law of nature and nations that every true consent supposes three things: First, a physical power; secondly, a moral power; and, thirdly, a serious and free use of them."

Consent is "to agree in sentiment; be of the same mind; accord; be at one. Con-sentire, to feel together." Cent. Dict.

If the statute regard such approval as is sought as tantamount to assent, then the town board is but a mere auditing body. There is already provided by law a town board of auditors, and the law would not, save for some special reason, provide a dual audit. The learned counsel for the relator argues that, as it stands admitted upon the record that the highways repaired were in an unsafe and dangerous condition, the situation required the town board to consent. This is no reason why the commissioner should disregard the law. "Necessity cannot, in any event, take the place of statutory authority." Parker, C. J., in People ex rel. Morey v. Town Board, 175 N. Y. 394, 400, 67 N. E. 620. But there is not even the plea of necessity in this case. Necessity of repairs, yes; but not necessity to disregard the requirement of submission to the town board. The emergency must be dire indeed that justifies an official to disregard the plain, formulated procedure of the law. Even in so small an affair, such omission smacks too much of prerogative and dispensation to commend itself to the courts. Moral certainty as to the result of an official act is no sufficient reason for not invoking the action. The town board, as well as the commissioner, must determine upon the work, even if the discharge of its duty must have been an accord.

The learned counsel for the respondent argues that, if the board had refused consent, mandamus would have issued to compel consent. Even if the act was "plainly administrative and mandatory, and not discretionary, and was so imperative," to quote the language of Andrews, J., in People ex rel. Keene v. Supervisors, 142 N. Y. 271, 36 N. E. 1062, that argument, available in case the town board had refused its consent after opportunity had been afforded to it to pass upon the projected work, cannot be stretched so as to excuse the omission to seek their consent. But the consent named by the statute is plainly a judicial act, in that it contemplated a decision whether or not the

highways were damaged or destroyed so as to become unsafe, and to require immediate repair. This required the consideration of a question of fact, and a determination based upon the evidence, and was therefore a judicial function. See People ex rel. Loughran v. Railroad Com'rs, 158 N. Y. 421, 429, 53 N. E. 163. The learned counsel for the respondent cites three cases to sustain the proposition that the town board has the power to ratify the acts of the relator after the work was done. In Trustees v. Bowman, 136 N. Y. 521, 526, 32 N. E. 987, the trustees of the town, having full power to sell the lands, appointed a committee, with certain enumerated powers; and one of the committee thereafter, and without authority, wrote into the resolution certain words of power, pursuant to which a conveyance was made to the defendant. In an action to cancel the deed as ultra vires, the court, per Earl, J., said that the trustees could have ratified the conveyance which had not been authorized. That power is put upon the express ground that the trustees acted for the town, and were clothed with authority to convey the lands. In Peterson v. Mayor, 17 N. Y. 449, the question was substantially similar, in that there was an "officious employment" by a committee, instead of the due employment by the board itself. In Kramrath v. City of Albany, 127 N. Y. 575, 581, 28 N. E. 400, the holding applicable to this case was that a committee duly empowered in the premises might ratify and confirm the irregular action of one of its number in ordering and selecting goods. Moreover, these acts of ratification in the three cases cited are based explicitly upon the doctrine of principal and agent. But this commissioner of highways was not the agent of the town. People ex rel. Morey v. Town Board, supra. This is not a case when officials, clothed with due authority have ratified an act performed in their stead, but one in which they resist an attempt of an official who has disregarded their judicial rights to have the court substitute an ex post facto ministerial act. The case last cited presents an elaborate discussion by Parker, C. J., on the principles applicable to the case at bar. In the course thereof he cites with approval this language of Andrews, J., in People ex rel. Everett v. Board of Supervisors, 93 N. Y. 397:

"To impose liabilities upon towns for the repair of their roads and bridges in any other manner than that provided by the statute would defeat the policy of the law as it has stood in this state for upwards of half a century, and would require explicit statutory provision to authorize it."

While it is entirely true, for the purpose of the demurrer, that the facts as stated in the petition are to be taken as true, namely, that the highways were in a dangerous and unsafe condition, yet, aside from the consideration of the demurrer, it may be germane to say that the court would have no power to relegate the judicial act of consent into the ministerial act of mere approval. And yet the court has, in its alternative writ, done exactly this thing, by "commanding" the board to convene and to give its consent in the manner provided by law to the payment of the claim. It requires no citation of authorities to support the statement that judicial action may be directed, but the resulting judgment cannot be dictated, by the mandamus. This appeal does not hang upon the good faith of the commissioner, to whom no wrongdoing is ascribed, but upon the legality of the practice of seek-

ing to bind the town for work upon the ground that it was necessary, disregarding the plain statutory provisions which are prerequisite to the initiation of such work.

The order should be reversed, with $10 costs and disbursements. All concur.