PUBLIC SERVICE COMMISSION FOR FIRST DIST. v. NEW YORK & Q. C. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department.    December 24, 1915.)

1. STREET RAILROADS &70—REGULATION—WAITING ROOM—CONSTRUCTION OF ORDER.

An order of the Public Service Commission, issued upon summary proceeding under Public Service Commissions Law (Consol. Laws, c. 48) § 57, requiring a street railroad to maintain a suitable waiting room or waiting car at a street intersection, was not to be construed so that if the road could not provide the car, it need not provide the waiting room, or as relieving the railroad from compliance if it could not locate a waiting room on one of the four corners of the intersection, or as excusing performance if the most available room would require passengers using it to walk some distance and to cross over the rails, and was not complied with by arranging with a restaurant proprietor to display outside of his premises a sign "Waiting Room."

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 147½–149; Dec. Dig. &70.]

2. MANDAMUS &187—APPEAL—REGULATION OF STREET RAILROADS—WAITING ROOM

Where the record showed that the lower court, on the application of the Public Service Commission for a writ of mandamus, had inquired into the facts and circumstances, defendants' motion on appeal to resettle the order by striking the words, "and the court having inquired into the facts and circumstances," was properly denied; and the omission of the words "or waiting car" from the court's order to maintain a suitable waiting room at or near the street intersection was within the court's power, where defendant had no right to maintain a waiting car in the public street.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. &187.]

Appeal from Special Term, Queens County.

Application for a writ of mandamus by the Public Service Commission for the First District against the New York & Queens County Railway Company and others. From an order granting the Commission's application for the writ, and from the writ allowed, defendants appeal. Order affirmed.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Arthur G. Peacock, of New York City, for appellants.

Edward J. Crummey, of New York City (George S. Coleman, of New York City, on the brief), for respondent.

JENKS, P. J. In March, 1912, pursuant to section 57 of the Public Service Commissions Law, a Public Service Commission ordered the defendant railroad corporations to maintain, for certain months in each year, at or near the intersection of two streets, a suitable waiting room or a suitable waiting car for passengers. In April, 1912, the defendants formally accepted the final order and promised to obey it. In March, 1915, the said Public Service Commission, under said section 57, petitioned the Supreme Court for an order to specify the time when the court would inquire into the facts and cir-

cumstances, and, unless sufficient cause were shown to the contrary, to issue a writ of mandamus, or to afford such other or further relief by mandamus or injunction as might seem proper. The Special Term entertained the petition and made an order for inquiry, whereupon defendants answered, and the parties came before the Special Term.

The attitude of the defendants in conformity to their answers, as stated by counsel to the Special Term, was that the defendants had been refused a permit by the local authorities to place a waiting car in the street, and when they did so they were ordered to remove the car therefrom; that "at the time" of the order of the Public Service Commission there was no building vacant or available for a waiting room; that the defendants were unable "at that time" to rent one; that by arrangement with the proprietor of a restaurant at one of the corners of the said intersection a sign had been placed in front of the restaurant that read "Waiting Station"; and that at all times people were welcome to enter therein to wait for cars. It was further stated that defendants desired to show that it would not be possible to have a convenient waiting room for the passengers of the three lines of the defendants unless at one of the four corners; that otherwise passengers must cross over a roadway and two car lines; that the four corners were tied up with leases for long terms; that the only two vacant rooms available were some feet distant from the corner, and that the use of either room would require passengers to travel a distance of from 90 to 140 feet and to pass over car tracks.

The Special Term took into consideration that the order of the Public Service Commission was made after a hearing, and has been accepted by the defendants. It declared that there seemed to be no force in the contention then made that the order was unconstitutional and unreasonable, and that, moreover, it was too late to discuss those questions, for the defendants had accepted the order and had promised to obey it. The Special Term decided that the answering affidavits did not furnish any defense, that the first contention of the defendants was that they did furnish a room by the arrangement with the restaurant, the second that they could provide a waiting room, not upon the corner, but 100 feet therefrom, and the third that they could not comply with the order. The court thereupon ordered a peremptory writ of mandamus to the defendants to provide and to maintain "a suitable waiting room at or near the intersection," etc. Thereafter the defendants moved to resettle the order, by striking therefrom the words "and the court having inquired into the facts and circumstances," and by inserting the words "or waiting car." The Special Term denied the application, because the first request was contrary to the fact, and the second required the court virtually to direct the defendants to station a waiting car in the public highway and thus to create a nuisance. The defendants appeal.

No contention is made that the order of the Public Service Commission was not within the authority of sections 4, 49, and 50 of the Public Service Commissions Law. The Supreme Court was authorized by section 57 of the said law to inquire into the facts and circumstances

in such manner as the court should direct, without further or formal pleadings and without respect to any technical requirement. The court, after notice and a hearing, issued its peremptory writ of mandamus in the first instance. Examination of the record shows that the court thus acted upon the theory that statements and denials of the defendants were true and that it dealt only with the question of law. See section 2070, Code of Civil Procedure.

[1] The order of the Public Service Commission required maintenance of a suitable waiting room or waiting car. But this is not to be construed so that, if the defendants could not provide the latter, it need not provide the former. Nor, when the order required that this accommodation should be provided at or near the intersection of the street, that it need not be obeyed if the defendants could not locate the room on one of the corners of the intersection. Nor was performance to be excused if the most available room that could be found would require the passengers who chose to use it to walk some distance and to cross over the rails. Nor was the order complied with when the defendants arranged with a restaurant keeper that there might be displayed a sign outside of his premises with the legend "Waiting Station," and that those of their passengers who entered the restaurant might wait therein. Passengers might desire shelter, and yet prefer the open air to the alternative of harbor in a restaurant.

[2] I perceive nothing prejudicial in the denial of the motion to resettle the order for mandamus. The record shows that the court did inquire into the facts and the circumstances. The omission of the words "or waiting car" was not without the power of the court. The defendants showed that they had attempted to maintain a waiting car, but in the public street, and that the local authorities had halted them. The defendants did not attempt to show that they had any right to maintain a waiting car in such a location. They did not contend that they could maintain a waiting car under lawful conditions. And so the court struck out that provision from the order for the writ. The lawful thing that the defendants were required to do was to maintain a waiting place for their passengers. The principle applicable is discussed in People ex rel. Green v. D. & C. R. R. Co., 58 N. Y. 152, in that the peremptory writ may command that which is in conformity with the legal obligation, though it may vary the detail of the manner of doing, for "there is still nothing put upon the defendant but that which he is by law obliged to do." In People ex rel. Keene v. Supervisors, 142 N. Y. at page 278, 36 N. E. at page 1064, it is said that the courts, in awarding the peremptory writ, "mould it according to the just rights of all the parties." The respondent concedes that if the defendants could not secure a waiting room, except by the exercise of eminent domain (see section 170, Railroad Law [Consol. Laws, c. 49]), or if the defendants were in danger of extortion of rent, they might be in a position to apply to the Public Service Commission for relief (see section 22, Public Service Commissions Law).

The order is affirmed, with $10 costs and disbursements. All concur.