In the Matter of the Village of DRESDEN, YATES COUNTY, et al., Respondents, against COUNTY OF YATES et al., Appellants.

Argued April 4, 1951; decided April 13, 1951.

*Homer C. Pelton* for appellants. I. Petitioners failed to show a clear legal right to the order granted herein. The lower court was in error in making an order directing the rebuilding of the bridge and thereby depriving respondent county of its right to exercise its discretion in the premises. (*Matter of Small* v. *Moss,* 277 N. Y. 501; *Matter of Burr* v. *Voorhis,* 229 N. Y. 382; *People ex rel. Harris* v. *Commissioners of Land Office,* 149 N. Y. 26; *Matter of Beatty* v. *Board of Managers of Binghamton City Hosp.,* 130 Misc. 181; *Matter of Berger* v. *Walsh,* 291 N. Y. 220.) II. Petitioners have failed to show any right to the order granted herein.

*Paul Reed Taylor* for respondents. I. Since there was no abandonment, the statute requires an order to rebuild the Milo Street bridge. (*Matter of Scheibel* v. *O'Brien,* 230 N. Y. 277; *People ex rel. Keene* v. *Board of Supervisors,* 142 N. Y. 271, 151 N. Y. 190.) II. Mandamus, in its modern equivalent, article 78 of the Civil Practice Act, is the proper remedy to require the county to fulfill its duty to rebuild the bridge. (*People ex rel. Keene* v. *Board of Supervisors,* 142 N. Y. 271, 145 N. Y. 597, 151 N. Y. 190; *Town of Saratoga* v. *Greene,* 240 N. Y. 127; *Town of Easton* v. *Canal Bd.,* 216 N. Y. 486.)

*Per Curiam.* Subdivision 6 of section 231 of the Highway Law enjoins upon appellants in the circumstances of this case the duty to rebuild the bridge (see *Town of Easton* v. *Canal Bd.,* 216 N. Y. 486; *People ex rel. Keene* v. *Board of Supervisors,* 142 N. Y. 271). The fact that the county superintendent has recommended abandonment of the bridge pursuant to subdivision 11 of section 231 does not excuse appellants from performing their duty under subdivision 6. Appellants may continue the pending abandonment proceeding and procure an order of abandonment, but until such order has become effective, their duty under subdivision 6 continues. The order of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed.