Dennis V. Tobolski, Esq. County Attorney, Cattaraugus
You have asked whether a county can abandon a county bridge on an abandoned section of a town road without first obtaining releases from the neighboring property owners normally required by law.
Your letter indicates that in 1969 the Town of Ashford in Cattaraugus County abandoned a segment of a town road that intersected County Road #85 at one terminus and Emerson Road at the other. In the center of the abandoned segment is a bridge which traverses Buttermilk Creek and which has been maintained in the past by Cattaraugus County. Your letter notes that the adjacent landowners between the intersection of County Road #85 and the abandoned town road use County Road #85 for access to their property, while owners of property between Emerson Road and the abandoned town road utilize Emerson Road for access. The owner of property on either side of the abandoned section is the State of New York, and the property is currently occupied by the Nuclear Fuel Services Division of the Westinghouse firm.
The Highway Law sets forth the procedure by which a county may abandon a county bridge on a town road (Highway Law, § 231). In order to do so, the county must obtain a written release from damages from "the owners of the land adjacent to the section of the highway upon which such bridge is located between lateral intersecting highways affected thereby" (id., § 231[11]). The "lateral intersecting highways" involved here are County Road #85 and Emerson Road, and releases would have to be obtained from the persons owning property along the town road in question between these two roads. If the county closes the bridge without obtaining the requisite releases, the Highway Law entitles the affected landowners to recover from the county the damages resulting from the abandonment of such bridge (id., § 231[12], [12-a]).*
You have asked whether the procedures for closure of bridges found in section 231 of the Highway Law must be followed when the town road which encompasses the bridge itself has been abandoned since 1969.
The Highway Law treats the abandonment of town roads and the abandonment of bridges on those roads separately, and sets forth separate procedures for each. Procedures and grounds for closing roads are found in Highway Law, §§ 171 (uselessness); 205 (abandonment); 207 (terminus of highway); 211-a (highways through forest lands); and 212-a (construction of an alternate route) (see Op Atty Gen No. 86-43; 1977 Op Atty Gen [inf] 273). Section 205 of the Highway Law gives town boards the power, by resolution, to close town roads which have been abandoned for six years or more (Highway Law, § 205[1]; Matter of ShawangunkHolding, Ltd. v Superintendent of Highways of Town of Shawangunk,101 A.D.2d 905, 906 [3d Dept, 1984]; Matter of Graff v Town of Darien,106 Misc.2d 104, 105 [Sup Ct, Genesee Co, 1980]). Once a road is abandoned, the town is no longer required to maintain it. This does not necessarily mean that the road will not be used by travellers. Section 205 does not require abandoned roads to be barricaded, and unless affirmative steps are taken, the road may continued to be used.
With regard to the abandonment of bridges, the Highway Law establishes a different standard. As noted, section 231 requires not only county board approval for closure of a bridge, but also requires release from neighboring, affected landowners (Highway Law, § 231[11], [12], [12-a]). Because there is a different standard, requiring more in the way of notice and/or approval by neighboring landowners, we believe that it was the Legislature's intention for the procedure for bridge closings to be separate from and additional to that for road closings. The 1969 abandonment of the town road, therefore, did not also operate to close or abandon the bridge over Buttermilk Creek. The possibility that the bridge and road may have continued to have been used after the road's abandonment also indicates a need for a separate closing procedure for the bridge, which may still be in use.
In a 1980 opinion, we suggested the following procedure to be followed when abandoning a road which included a bridge:
 "If [the bridge is] over twenty feet in length, however, then it may be advisable to comply with the procedures set forth in Highway Law, § 231, subdivisions 11 — 12-a, inclusive, even though the span is less than twenty-five feet. In any case of absolute abandonment, moreover, it may be prudent to protect the Town against possible tort liability to motorists or pedestrians by erecting suitable signs and barricades" (1980 Op Atty Gen [Inf] 102, 105).
We believe the procedures suggested by this 1980 opinion should be followed in the immediate case (see also, Matter of Village of Dresden vCounty of Yates, 302 N.Y. 415, 416 [1951]; 1909 Op Atty Gen 630).
We conclude that the procedures for closure of bridges set forth in section 231 of the Highway Law must be followed when closing a county bridge that lies within a town road that was abandoned several years earlier.
* Affected landowners who claim damages may apply to the Supreme Court for the appointment of three commissioners of appraisal to determine the amount of damages due. The Highway Law provides the procedure for such a proceeding (Highway Law, § 231[12], [12-a]; see Bill Jacket, L 1937, ch 63, Dept of Public Works Memorandum; 26 N Y Jur, Highway, Streets and Bridges, § 316, pp 495-496).