PLUMTREE *vs.* DRATT and PACKARD, commissioners of loans of the county of Wayne, and DENISON.

When an action is duly commenced against commissioners for loaning certain moneys of the United States, under the act of April 4, 1837, it is in effect brought against the state, and not against the commissioners personally.

It is therefore absolutely necessary to bring the state before the court, as a party, in the form prescribed by the statute, to enable the court to give any relief to the plaintiff.

If the complaint describes the defendants as " Commissioners of loans of the county of W." the addition to their names will be considered as merely *descriptio personarum,* and the action will not be deemed as brought against them in their official character as commissioners under the act mentioned.

And if the objection is distinctly taken by demurrer, the plaintiff cannot be allowed to proceed in his action, but must amend.

APPEAL from an order made at a special term, allowing demurrers to the complaint. The action was commenced against the defendants Dratt and Packard, as " Commissioners of loans of the county of Wayne," and Porter G. Denison. The action as disclosed in the complaint, was brought to vacate a mortgage sale, made by Solomon Upson and Clark Mason, the predecessors in office of the defendants Dratt and Packard, at which sale the defendant Denison was the purchaser, and to have the deed given by them to him, and a mortgage given by him to them, to secure the payment of the original loan, canceled, as clouds on the plaintiff's title. On the 27th September, 1862, the defendants Dratt and Packard, by the same official description, put in a general demurrer, alleging

that it appeared upon the face of the complaint that it did not state facts sufficient to constitute a cause of action. The defendant Dennison, by the same title of action and description of parties, demurred: 1st. That it appeared upon the face of the complaint that there was a defect of parties defendant. 2d. That the complaint did not state facts sufficient to constitute a cause of action. The demurrers were argued together, before the Hon. E. DARWIN SMITH, justice, at the Rochester special term, February, 1863, when an order was made and entered, sustaining the demurrers, with costs, with leave to the plaintiff to amend his summons and complaint, on payment of such costs, by changing the official title of the defendants Dratt and Packard from that of " commissioners of loans of the county of Wayne" to that of " the commissioners for loaning certain moneys of the United States of the county of Wayne." The court, in a verbal announcement of its determination, stated, in substance, that there was no defect of parties defendant, and that the complaint contained sufficient facts to constitute a good cause of action to have the sale vacated and the deed and mortgage set aside and canceled, as clouds on the plaintiff's title, but that he sustained the demurrers on the sole ground that the defendants Dratt and Packard should have been described as " the commissioners for loaning certain moneys of the United States of the county of Wayne," as required by the 5th section of the act of April 4, 1837. The plaintiff appealed from so much of this order as sustained the demurrers, with costs, and as imposed upon the plaintiff the payment of such costs as a condition of amending his complaint.

*C. D. Lawton*, for the appellant.

*Wm. S. Stow*, for the respondents.

*By the Court*, E. DARWIN SMITH, J. The demurrer in this action was sustained upon the single ground that there was a defect of parties defendants to enable the court to

Plumtree v. Dratt.

grant the relief demanded in the complaint. No cause of action is stated in the complaint against the defendants Dratt and Packard. The addition to their names of the words *commissioners of loans of Wayne* is merely a *descriptio personarum*. As against these defendants, regarded as mere private persons, the demurrer is sustainable on the ground that the complaint does not state sufficient facts to constitute a cause of action. They are clearly not made parties in their private capacity, but with the view to relief against them in their official capacity as commissioners of loans. They had no connection with the original fraud of which the plaintiff complained, and have done no acts injurious to his rights. They are simply successors in office of a former board, by which the fraudulent and injurious acts complained of were committed. The state has invested two persons in each county with authority to loan certain moneys, received from the United States, to the people of each county, by act passed April 4, 1837, and which is referred to in the plaintiff's complaint. The act declares that such commissioners of the several counties shall respectively be known and distinguished by the name and style of " The commissioners for loaning certain moneys of the United States of the county," of which they were respectively commissioners, and declares that they shall be named and described by such name and style in all legal and other proceedings which may be had under the provisions of such act. All acts and deeds of said commissioners were to be done in the name and style thus declared, as much so as though they were a corporation by such name. The plaintiff seeks to set aside the foreclosure of a mortgage given to such commissioners in the name and style aforesaid, and also a mortgage executed to and taken by them from the defendant Denison by and in the name and style aforesaid. Such at least we must presume to be the case, for the 50th section of the act aforesaid prescribed the form of mortgages to be received by such commissioners, and such form is to them by such name and style without naming

Plumtree *v.* Dratt.

personally the commissioners. And so·are deeds to be executed by them as prescribed by the 57th section of said act, and such must therefore have been the form of the deed to Denison. When an action is duly commenced against the commissioners as named in this act, the action is in effect against the state, not against the commissioners personally. The legislature has prescribed that the state will sue and be sued in respect to the moneys loaned by these loan commissioners in the manner and form particularly prescribed in the act. The form must be pursued, to bind the state. It is therefore, I consider, absolutely necessary to bring the state, in the form prescribed, before the court as a party, to enable the court to give any relief to the plaintiff. The foreclosure and sale of the original mortgage, the deed executed to Denison, and his mortgage back, must be set aside. The state is the party chiefly to be affected, and must be sued, to be bound by any decree or judgment. But as these commissioners are in the nature of agents for the state, acting by a corporate name and using such name for the benefit of the state, if they had appeared in the action and litigated the question arising upon the plaintiff's complaint, the court would undoubtedly, at any stage of the proceedings, substitute their proper corporate names for their personal names; but until this is done there is a defect of parties, and no valid judgment can be given to bind the state. The point being distinctly made by the defendants, by demurrer, I see no way but to sustain the demurrer and allow the amendment. This is what I designed to do in allowing the demurrer before, and this I think must be done. The plaintiff, when the objection is distinctly made, cannot be allowed to proceed when he can have no valid decree against the parties to the record. He must amend, to obviate that objection. But it is said the objection in question does not appear upon the record. This I think is a mistake. The act under which the defendants were appointed, and under which their predecessors acted, and under which all the proceedings upon the foreclosure in

question were had, must be deemed a part of the complaint, and must be referred to to explain and maintain it. We must look to this statute to ascertain the rights of the parties. It is also said this point cannot be raised by demurrer. This I think a mistake. The demurrer raised the point that "there is no cause of action stated against the defendants Dratt and Packard personally," and if they are sued in their official capacity their corporate name is not used. This point is properly raised by demurrer. I think the order made below must be affirmed with costs.

Order affirmed.

[MONROE GENERAL TERM, December 7, 1863. *E. Darwin Smith, Johnson* and *Welles*, Justices.]