(160 App. Div. 60)

### In re TOWN OF SARATOGA.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

1. BRIDGES (§ 22*)—CONSTRUCTION—TOWNS—LIABILITY.

Highway Law (Consol. Laws, c. 25) § 250, provides that towns shall be liable to pay the expenses for the construction and repair of bridges over streams within their boundaries, and that when bridges are constructed over streams forming the boundary line of towns, either in the same or adjoining counties, such towns shall be jointly liable to pay such expense, and each county shall be liable to pay not less than one-sixth part of the expense. Section 256 declares that where two towns are liable to make or maintain such a bridge, and one of them refuses or neglects to join therein, application may be made to the court to compel the delinquent to act. Held, that where a bridge, previously existing between the town of E. on the east bank of the Hudson river and the town of S. on the west bank, was partly removed by the canalization of a channel of the river to the east of an island on which the bridge was supported, and a part of the bridge between S. and the island was practically destroyed by a flood, such town was entitled to compel the town of E. to join in reconstructing the bridge; nor was it material that the towns were in different counties, nor where the dividing line between the counties was located, nor whether the greater part of the bridge was in one county or the other.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 56–59; Dec. Dig. § 22.*]

2. BRIDGES (§ 20*)—COUNTY LINE BRIDGE—CONSTRUCTION.

County Law (Consol. Laws, c. 11) § 68, providing for the construction of county line bridges, where the same are built to connect towns on different sides of a county line stream, does not contemplate that the county shall build the bridge and apportion the proper share of the expense to the towns; the towns, under Highway Law (Consol. Laws, c. 25) §§ 256, 261, being bound to construct and maintain the bridge and to present to each county a claim for its one-sixth share of the expense.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 37–44, 46, 47; Dec. Dig. § 20.*]

3. CANALS (§ 17*)—CONSTRUCTION—BRIDGES.

The state, in order to canalize the eastern channel of the Hudson river between the town of Easton and an island, took down a part of a bridge over the river where it passed over the eastern channel, which bridge extended from the east to the west shore in two spans, supported by piers resting on the island. Held, that the span over the west channel of the river was not a bridge over the canal which the state was bound to reconstruct, under Canal Improvement Law (Laws 1903, c. 147) § 3, providing that new bridges shall be built over the canals to take the place of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

existing bridges whenever required or rendered necessary by the location of the canals.

[Ed. Note.—For other cases, see Canals, Cent. Dig. § 25; Dec. Dig. § 17.*]

Appeal from Special Term, Saratoga County.

Application by the Town of Saratoga for an order requiring the Town of Easton, the County of Washington, the County of Saratoga, and the Canal Board to rebuild and repair a joint bridge across the Hudson river known as the Schuylerville bridge. From an order requiring the town of Easton to join in rebuilding the bridge, it appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Rogers & Sawyer, of Hudson Falls (John E. Sawyer, of Hudson Falls, of counsel), for appellant.

William S. Ostrander, of Saratoga Springs, for respondents.

The Attorney General (Wilber W. Chambers, of Albany, of counsel), for the People.

JOHN M. KELLOGG, J. The Hudson river forms the boundary line between the counties of Washington and Saratoga, the town of Easton, in Washington county, on the east bank, and the town of Saratoga, in Saratoga county, on the west bank. A small island, about 200 feet in width, and about 1,800 feet long, divides the river into two channels at the place where the bridge is located. A bridge extends from the Easton side of the river to the island and from the island to the Saratoga side. It was formerly owned by a bridge company as a toll bridge, and in February, 1911, the two counties purchased it pursuant to sections 338 to 342 of the Highway Law (Consol. Laws, c. 25). The bridge company conveyed to the counties the bridge and—

"the right of way for use as a roadway in connection with said bridge over so much of the land as is now fenced and used as a highway connecting the several portions of said bridge."

The state, in making the canal improvements, canalized a part of the river east of the island, excavating therein a channel for the canal about 200 feet wide, and removed the part of the bridge over that channel, and has built piers upon either side of the channel, upon which it has constructed a permanent steel bridge. The local authorities have joined the old parts with the new steel part, so that the bridge may be used temporarily. The part of the bridge between Saratoga and the island was practically destroyed by a flood. This proceeding was taken by the town of Saratoga, under section 256 of the Highway Law, to compel the town of Easton to join in reconstructing the bridge.

[1] Section 250 of the Highway Law provides, in substance, that towns, except as therein provided, shall be liable to pay the expenses for the construction and repair of bridges over the streams within their bounds, and that when bridges are constructed over streams forming the boundary line of towns, either in the same or adjoining counties, such towns shall be liable jointly to pay such expense, and that each

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rev'r Indexes

county shall be liable to pay not less than one-sixth part of such expense. Section 251 of that law provides that each supervisor shall present to the board of supervisors a statement of the amount expended for such a bridge, and that the board shall levy upon the taxable property of the county a sum sufficient to pay the county's proportion thereof, and section 256 of said law provides that where two towns are liable to make or maintain such a bridge, and one of them refuses or neglects to join therein, application may be made to the court to compel the delinquent to act. Under these statutes it is plain that the towns are jointly liable for the expense of constructing and maintaining the bridge in question, and are charged with the duty of constructing it, and that the order in question was properly made. It is not material where the dividing line between the counties is, or whether the greater part of the bridge is in one county or the other; the fact that the bridge crosses a stream which constitutes the boundary line of the counties determines the joint liability. Neither is it material whether there is one span or more to the bridge, or whether the bridge is a single structure resting upon artificial abutments, or one part of it rests upon an island from which the other part extends to the main shore. The entire expense of bridging the river at this point is a joint charge upon the two towns.

[2] Some confusion is caused by reading section 68 of the County Law (Consol. Laws, c. 11) in connection with the above provision of the Highway Law. Standing alone, it might be inferred that the County Law contemplates that the county and not the towns shall build the bridge, and that after it is built the county shall apportion upon the towns their proper share of the expense. An examination of the statutes shows otherwise. Sections 256 to 261 of the Highway Law were taken from chapter 639 of the Laws of 1857 and, so far as of interest here, it is a practical re-enactment of that statute. Section 68 of the County Law is a revision of the former County Law, chapter 686 of the Laws of 1892, which was revised from chapter 482 of the Laws of 1875, which was a statute conferring upon boards of supervisors further powers of local legislation. It charged no duty upon the county; it simply enabled it, in its legislative power, to provide for the care, preservation, and reparation of such a bridge. The full purpose of the provision is better understood by a reference to the subdivision next preceding it, which gave the supervisors power to authorize the location, or change the location and construction of such a bridge when it shall be applied for by a town or towns jointly, or by others. When brought into the Revision of 1892 the provision, so far as we are concerned, was put into substantially its present form, but I think the history of the law indicates that it was not intended to charge upon the county the duty of building such bridges, but was giving to it a supervisory power over the actions of the towns with reference to them, to be exercised in its discretion. It cannot be that it was intended to change the rule, long recognized in the state, that the towns must build such bridges, and that after they were constructed each county was to pay its one-sixth share of the expense. It is manifest, therefore, that the duty rests upon the towns to rebuild this bridge, and that each town

may present its claims to the county in due time for its proportionate share of the expense.

[3] It is urged that under section 3 of chapter 147 of the Laws of 1903 the state is required to rebuild this bridge by reason of the fact that it has taken down a part of the span between the island and the easterly shore, and that therefore the towns are relieved. The requirement in the Canal Improvement Act (section 3, c. 147, Laws 1903) that "new bridges shall be built over the canals to take the place of existing bridges wherever required or rendered necessary by the new location of the canals," does not indicate that the state must build the bridge, or the part of the bridge on the Saratoga part of the island. While, as between the towns and the county, for all practical purposes, there is but one bridge across the Hudson at this place, a different question arises with reference to the liability of the state to build a new bridge over the canal. Evidently the part of the bridge from the island to the Saratoga shore is not a bridge over the canal within the meaning of the statute.

The order is therefore affirmed, with costs. All concur.