(160 App. Div. 112)

#### LEE v. TOWN OF SARATOGA et al.

(Supreme Court, Appellate Division, Third Department.   January 7, 1914.)

1. BRIDGES (§ 39*)—LIABILITY FOR INJURY—TOWNS.

A bridge over a river, which was the dividing line between two counties, was constructed in two spans, one from the town of S. to an island in the river, and one from the island to the town of E., the island being small and having only one house built for the bridge tender. Plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was injured while upon the west span which, under the express provisions of 3 Rev. St. (1st Ed.) pt. 1, c. 2, tit. 1, §§ 5, 7, was wholly within the town of S. *Held*, in view of its character as a single bridge and in view of the court's power to order towns to build bridges and to bear their share of the expenses, that both towns are jointly liable for the maintenance of both spans, and hence were both liable for plaintiff's injury.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 80–85, 96, 99–102, 106, 107, 109; Dec. Dig. § 39.*]

2. INDEMNITY (§ 15*)—ACTION—EVIDENCE.

In an action for injuries sustained by reason of a defective bridge, where there was no evidence of the value of furniture, for the loss of which plaintiff as a common carrier, had settled, evidence of plaintiff's payment of $300 in settlement was not sufficient to charge defendants with the liability therefor.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–40, 42–47; Dec. Dig. § 15.*]

Appeal from Trial Term, Rensselaer County.

Action by William A. Lee against the Town of Saratoga and the Town of Easton. From a judgment for plaintiff and from an order denying a motion for a new trial, defendants appeal. Judgment and order reversed, unless plaintiff stipulates to reduce the verdict by $300; but, upon such stipulation, judgment as so modified, and the order to be affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William S. Ostrander, of Saratoga Springs, for appellant Town of Saratoga.

Rogers & Sawyer, of Hudson Falls, for appellant Town of Easton.

Ransom H. Gillet, of Troy, for respondent.

SMITH, P. J. The action is brought to recover damages for injuries sustained by reason of a defective bridge which connected the west bank of the Hudson river in the town of Saratoga with an island in said river. At this point the river is the dividing line between the county of Saratoga and the county of Washington. Near the middle of the river is an island. A bridge runs from the west shore of the river to the island and from the island to the town of Easton upon the east side of the river. Between the two bridges or spans a highway runs across the island about 200 feet. This double bridge was originally a toll bridge. The island is a small island, and has never had any house upon it except the house in which the bridge tender lived, and which is now occupied, it is claimed, by some Italians at work upon the state work. The counties of Saratoga and Washington jointly purchased this bridge and opened it to the public, and have jointly made repairs thereto; both the east and west spans thereof running from the town of Saratoga to the island and from the island to the town of Easton. The two spans have been considered as one bridge, the care of which devolved upon the two towns until in October, 1911, the board of supervisors of Washington county notified the board of supervisors of Saratoga county that they claimed that the

west span of the bridge was wholly in the town of Saratoga and that they would pay under protest any further sums for the maintenance thereof. The judgment is against both towns.

[1] By part 1, c. 2, tit. 1, § 5, of the Revised Statutes, it is provided that:

"Whenever two counties are separated from each other by a river or creek, the middle of the channel of such river or creek shall be the division line between them, unless hereinbefore otherwise provided."

By section 6 it is further provided that:

"Whenever the boundary line between two counties crosses an island, the whole of such island shall be deemed within the county in which the greater part of it lies, unless otherwise directed."

To give effect to this latter provision the stream must be mathematically divided, and it is immaterial whether the main channel passes east or west of the island. The middle line of the stream passes either east of this island or passes through it, leaving the greater part thereof upon the west, and therefore the whole island belongs to the town of Saratoga. The west span of this bridge, therefore, lies wholly within the town of Saratoga, and if this fact were determinative of this liability the town of Easton would not be liable for the plaintiff's injuries. Such a construction of the statute, however, as to the requirement to maintain bridges between adjoining towns over a stream, would appear to be harsh and inequitable. It is not left to the town itself to say whether a bridge shall be built, but the town not consenting may be ordered by the court to build a bridge and to bear its share of the expenses. If because in the middle of the stream appears to be a small island, practically unoccupied, which may be used as an abutment for a span of the bridge to one side of the river or the other, it would be unreasonable to construe the statute to require the town in which the island happens to be located to build the entire span between the island and the bank of the river situated in said town, and to divide only the cost of the span of the bridge connecting the island with the opposite bank. The two spans of the bridge are used as one bridge almost entirely, if not entirely, for those desiring to pass from one town to the other. We agree fully with the opinion of Mr. Justice Borst upon the application of the town of Saratoga to require the town of Easton to join in the repair of the bridge over the west branch, in which he holds both towns jointly liable for the maintenance of both spans of the bridge.

[2] The verdict recovered was for the sum of $1,500. This included an item of $300 which the plaintiff swore he paid to the owner of furniture which was being transported by plaintiff as a common carrier across the said bridge at the time of the accident. There was no evidence of the value of that furniture, and the moneys paid were apparently paid in settlement of an action brought against the plaintiff for the loss of such furniture. Without evidence of the value of the furniture lost, the evidence of this payment is not sufficient to charge the defendants with liability therefor. Clark v. Westcott, 2 App. Div. 503, 37 N. Y. Supp. 1111. Unless the plaintiff, therefore, will stip-

ulate to reduce the verdict by $300, the judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event. If the respondent will so stipulate, the judgment as thus modified may stand affirmed, without costs to either party.

Unless plaintiff will stipulate to reduce verdict by $300, judgment and order reversed, and new trial granted, with costs to appellants to abide event; if the plaintiff will so stipulate, the judgment as thus modified, and the order, may stand affirmed, without costs to either party. All concur.