PEOPLE ex rel. CITY OF GLENS FALLS v. WARREN COUNTY et al.
(No. 291/123.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

BRIDGES ⬤⟿10—CONSTRUCTION—COUNTIES—LIABILITY—BOUNDARY RIVER—ISLAND—"STREAM."

    A bridge being built over a river, in which is the dividing line between two counties, at a point where there is an island, the river, and not one of the channels, is the "stream," within Highway Law (Consol. Laws, c. 25) § 250, imposing on a county a certain proportion of the cost where a bridge is constructed over a stream, forming its boundary line, and this, though the dividing line is in one of the channels between the island and mainland.

    [Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 20–22; Dec. Dig. ⬤⟿10.

    For other definitions, see Words and Phrases, First and Second Series, Stream.]

Certiorari by the People, on the relation of the City of Glens Falls, against the County of Warren and its Board of Supervisors, to review the determination of such board in rejecting the claim of the relator for contribution towards the expense of erecting a bridge across the Hudson river at Glens Falls. Determination reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

  J. Edward Singleton, of Glens Falls, for relator.
Loyal L. Davis, of Glens Falls, for respondents.

LYON, J. The question involved upon this appeal is as to the liability of the county of Warren to pay a part of the expense of constructing the southerly portion of a public bridge over the Hudson river between the city of Glens Falls, in the county of Warren, and the village of South Glens Falls, in the county of Saratoga. The Hudson river forms the boundary line between said counties; the dividing line apparently being the center of the northerly channel running between a small island and the northerly shore. In re Spier,

50 Hun, 607, 3 N. Y. Supp. 438; affirmed 115 N. Y. 665, 22 N.
E. 1126. This island at low water is about 200 feet long and 170
feet wide. At highwater it is mostly submerged. It is of lime
rock, bare, uninhabited, and is situated in and belongs to the town of
Moreau. The former bridge structures were washed away in the
spring of 1913. They consisted of two bridges. One extended from
the village of South Glens Falls across the southerly channel of the
river to the island. The other extended from the island across the
northerly channel to the city of Glens Falls. The bridge across the
northerly channel had been built in 1889, and had been maintained
jointly by the town of Moreau and by either the town of Queensbury or
the city of Glens Falls. The bridge across the southerly channel be-
longed to the town of Moreau, and neither its construction nor main-
tenance had been contributed to by either the town of Queensbury or
the city of Glens Falls. The space between the island ends of these
two bridges was a raised dirt roadway about 50 feet in length.

The present bridge is a continuous steel structure, extending from
the foot of Glen street in Glens Falls to the foot of Main street in
South Glens Falls. It has six arches. Two of the piers rest upon this
island. Its length is about 900 feet. About 400 feet of the bridge
spans the space from the city of Glens Falls, across the north channel,
to the high part of the island. The remaining 500 feet cover the space
from such part of the island to South Glens Falls. The cost of the
bridge up to December, 1914, when it was nearly completed, was
$113,798.26. The relator has contributed one-half of that sum, and
has also paid $1,500 of the expense of over $3,000 of erecting a tem-
porary bridge over the river. The relator has also paid $1,000
damages arising out of a change of grade of the approach to the
bridge upon the Glens Falls side. However, the facts regarding this
disbursement are too meagerly stated to permit of our passing upon
the merits of the claim; but the respondent practically concedes that
the disbursement should be allowed.

The bill presented by the relator to the board of supervisors for a
share of the expenses of the town in the construction of such bridges
up to December 9, 1914, having been disallowed and rejected by the
board, the relator instituted this proceeding. The respondent expresses
its willingness to pay its proper proportion of the cost of construct-
ing the portion of the bridge extending from Glens Falls to the high
point of the island. It contends, however, that it should not be called
upon to pay any part of the expense of the construction of the por-
tion extending from the high point of the island to South Glens Falls.
This is practically the only question involved upon the appeal.

Section 250 of the Highway Law provides that:

"Each of the counties of this state shall also be liable to pay for the construc-
tion, care, maintenance, preservation and repair of public bridges, lawfully
constructed over streams or other waters forming its boundary line, not less
than one-sixth part of the expenses of such construction, care, maintenance,
preservation and repair."

The question at issue cannot be considered an open one. In the cases
of Matter of Town of Saratoga, 160 App. Div. 60, 145 N. Y. Supp.

468, affirmed 211 N. Y. 543, 105 N. E. 1100, and Lee v. Town of Saratoga, 160 App. Div. 112, 145 N. Y. Supp. 106, affirmed 214 N. Y. 617, 108 N. E. 1099, it was held. that where the boundary line between two towns was in a channel upon one side of an island, each town was jointly liable for the expense of constructing and maintaining a bridge over both channels of the river, without regard to where the dividing line between the counties was, or whether the greater part of the bridge was in one county or in the other, and that it would be unreasonable to construe the statute to require the town in which an island happened to be located, to build the entire span between the island and the bank of the river in such town, as the entire bridge is used by persons passing from one town to the other.

In the case of Lapham v. Rice, 55 N. Y. 472, 479, it was held, although under an act providing that the expense of the construction and maintenance of bridges should be without reference to town lines, that the words "at the joint expense of the towns," in the absence of anything showing a different intention, import that it is to be equally borne by the towns chargeable; that the bridge, being upon the lines of each of the towns, is presumptively equally necessary and useful for all; and hence it was thought just by the Legislature that each should contribute equally to its maintenance.

The stream over which the bridge in question was built was, in contemplation of section 250 of the Highway Law, the Hudson river; not simply the northerly channel thereof, nor the southerly channel thereof, but over both. Every proper consideration demands that the burden should be borne jointly and not unequally. It must therefore be held that the city of Glens Falls and the town of Moreau are jointly liable for the expense of the construction of the new bridge, and of the temporary bridge, and that the county of Warren is liable to pay for the construction, care, maintenance, preservation, and repair of said new bridge not less than one-sixth part of the expense thereof.

The determination of the board of supervisors should therefore be reversed, and the writ sustained, with $50 costs and disbursements to the relator. All concur.