TOWN OF EASTON, Respondent, *v.* THE CANAL BOARD et al., Appellants, and TOWN of SARATOGA, Respondent.

Bridges — when injunction may be obtained against state officials compelling them to build new highway bridge over barge canal under the provisions of the Barge Canal Act.

1. The Barge Canal Act (L. 1903, ch. 147, § 3) provides that " New bridges shall be built over the canals to take the place of existing bridges whenever required, or rendered necessary by the new location of the canals," and places that duty upon the defendant state officials.   By virtue of this act where a highway bridge across the Hudson river between two towns has been rendered useless by the canalization of the river at that point, the towns affected thereby are entitled to an injunction enjoining and restraining the canal board, and other state officials having charge of the state canals, from failing and refusing to complete the building of a new bridge to take the place of the bridge rendered useless by the new canal.

2. A contention that the judgment herein cannot be sustained, because it attempts to fix a liability against the state without legislative permission and that the Supreme Court is without jurisdiction, is untenable.   The action is not against the state, but against certain state officers, and the judgment merely directs these officials to perform their statutory duty.

*Town of Easton* v. *Canal Board*, 166 App. Div. 316, affirmed.

(Argued November 29, 1915; decided January 4, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 24, 1915, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General (Wilber W. Chambers* of counsel), for appellants.   The Supreme Court acquired no jurisdiction of the defendants represented by the attorney-general, for there is an attempt here to fix liability against the state without express

legislative permission. (*Saranac L. & T. Co.* v. *Roberts,* 195 N. Y. 303; *Stone* v. *State,* 138 N. Y. 124; *Locke* v. *State,* 140 N. Y. 480; *Rexford* v. *State,* 105 N. Y. 229; *Quayle* v. *State,* 192 N. Y. 47; *Matter of Hoople,* 179 N. Y. 308; *Matter of Town of Saratoga,* 160 App. Div. 60; 211 N. Y. 543; *Belknap* v. *Schild,* 161 U. S. 10; *Antoni* v. *Greenhow,* 107 U. S. 769.)

*William S. Ostrander* for town of Saratoga, respondent. An action can be maintained in equity against state officials charged with the performance of statutory duties to compel the performance of these duties. (*Rolston* v. *M. F. Comrs.,* 120 U. S. 390; *Graham* v. *Folsom,* 200 U. S. 248; *Morrill* v. *American Reserve Bond Co.,* 151 Fed. Rep. 305; *Fleischman Co.* v. *Murray,* 161 Fed. Rep. 152, 159; *Huidekoper* v. *Hadley,* 177 Fed. Rep. 117; *Board of Liquidation* v. *McCombs,* 92 U. S. 535; *Scott* v. *Donald,* 165 U. S. 112; *Sanders* v. *Saxton,* 182 N. Y. 477.)

*Erskine C. Rogers* and *Herbert Van Kirk* for plaintiff, respondent. The failure of the state officials to build or cause to be built a new bridge was a violation of their absolute statutory duty, the performance of which is properly directed to be performed by the judgment of the trial court. (*Rolston* v. *M. F. Comrs.,* 120 U. S. 390; *Sanders* v. *Saxton,* 182 N. Y. 477; *S. L. & T. Co.* v. *Roberts,* 195 N. Y. 303.)

Seabury, J. This appeal presents for review a judgment which enjoins and restrains the defendant state officials from failing and refusing to complete the building of a new bridge between the town of Easton in the county of Washington and an island in the Hudson river. The judgment directs the appellants to complete the building of this new bridge. The bridge is designed to take the place of a bridge that formerly existed between said points.

The mainland of the town of Saratoga is on the west

bank of the Hudson river and opposite the town of
Easton. In the river between the mainlands of these
two towns is an island which is within the town of
Saratoga. From the mainland of the town of Saratoga
to the west side of the island there is a bridge and from
the other side of the island to the town of Easton there
was another bridge.

The findings made by the court below establish that
the bridge between the town of Easton and the island was
so interfered with in the course of the barge canal con-
struction as to be rendered useless. It is the replacement
of this bridge which the judgment appealed from
requires the appellants to complete. The bridge when
completed will form part of the highway of the towns of
Easton and Saratoga. We think the judgment appealed
from was properly made under the provisions of the
Barge Canal Act. That act (Laws of 1903, chapter 147,
section 3), provides that "New bridges shall be built
over the canals to take the place of existing bridges
whenever required, or rendered necessary by the new
location of the canals." This act makes it the duty of
the defendant state officials to carry out the provisions of
the Barge Canal Act in the construction of the canal and
the work incidental thereto. (*Lehigh Valley R. R. Co.*
v. *Canal Board*, 204 N. Y. 471.)

The duty of building the new bridge not having been
discharged by the defendant state officials the judgment
requiring them to do so only requires the performance of
a statutory duty. The duty imposed by law to build a
bridge requires the building of a bridge that is adequate
and safe. We cannot assume that the legislature con-
templated that a bridge of a different character should
be built. The findings of the court below establish
conclusively that the new bridge in its present con-
dition is not adequate or safe. That determination is
not subject to review in this court. It is urged by the
appellants that the judgment in this action attempts to

fix a liability against the state without legislative permission and that the Supreme Court is without jurisdiction to do this. This action is not against the state of New York. It is against certain state officers and the judgment herein merely directs these officials to perform the duty which the statute requires them to perform. (*Rolston* v. *Missouri Fund Comrs.*, 120 U. S. 390, 411; *Louisiana* v. *Jumel*, 107 U. S. 711.) As was said by Mr. Chief Justice WAITE: "The litigation is with the officer, not the state." (*Rolston* v. *Missouri Fund Comrs.*, *supra.*) The distinction pointed out between an action against the state and one against certain officials of the state has been recognized by this court and was explained and commented upon by Chief Judge CULLEN in *Sanders* v. *Saxton* (182 N. Y. 477). Moreover, the judgment appealed from merely requires that the duty which the legislature itself had imposed shall be performed.

The judgment appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, CARDOZO and POUND, JJ., concur.

Judgment affirmed.