THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE DELAWARE AND HUDSON COMPANY, Relator, *v.* PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, SECOND DISTRICT, Respondent.

Third Department, September 27, 1921.

Canals — changing of form of railroad bridge over Barge canal and Hudson river must be done by State under Barge Canal Act — Public Service Commission does not have jurisdiction to order railroad company to change bridge — Superintendent of Public Works may direct railroad company to change bridge at expense of State.

The changing of the form of the railroad bridge of the Delaware and Hudson Company over the Hudson river at Fort Edward in such manner as to give the clearance required by the Barge Canal Act must be accomplished under the provisions of that act, and, therefore, must be done either through the direct action of the Canal Board, the Superintendent of Public Works and the State Engineer or under their direction.

The Barge Canal Act does not put this duty upon, nor does it give any authority to perform the duty to, any other officer, nor does the statute

by word or implication direct or permit the railroad company to make the improvement in the absence of a previous direction by the constituted public officials, so as to permit the railroad company to have a valid claim against the State under the Barge Canal Act for the construction or change in the bridge.

Accordingly, the Public Service Commission did not have jurisdiction, on the petition of residents of the village of Fort Edward, to direct the relator to change its bridge so that it would be fifteen and one-half feet above the water as required by the Barge Canal Act.

Section 50 of the Public Service Commissions Law does not confer the required authority on the Public Service Commission, nor is authority conferred by section 57 of said law, since the words " in violation of law " and " required of it by law," in said section 57, refer to and mean the Public Service Commissions Law and not any other law; the maintenance of this bridge in its present condition is not in violation of any provision of the Public Service Commissions Law.

The broadest authority that can be claimed under section 57 is that the Commission could direct its counsel to commence a proceeding for the purpose of having violations or threatened violations of law stopped, but the Commission has made no such direction.

It is not necessary for the State to appropriate the bridge under section 4 of the Barge Canal Act, for the Superintendent of Public Works could direct the relator to make necessary changes in its bridge, and such direction being complied with, the changes would be made and the expense incurred by the relator in submission to the authority of the State, and the result would be the same as if done by the State itself, and the right to compensation would follow.

The State by legislative act having assumed to construct the Barge canal at its expense and having provided the manner in which the work shall be performed, the terms of the act must be complied with before payment may be enforced against the State.

CERTIORARI issued out of the Supreme Court and attested on the 29th day of September, 1920, directed to the Public Service Commission of the State of New York, Second District, commanding it to certify and return to the office of the clerk of the county of Albany all and singular its proceedings had requiring the Delaware and Hudson Company to raise its railroad bridge over the Hudson river at Fort Edward sufficiently to provide a clearance of fifteen and one-half feet, as required by the Barge Canal Act.

*Lewis E. Carr,* for the relator.

*Rogers & Sawyer* [*Erskine C. Rogers* of counsel], for village and town of Fort Edward.

VAN KIRK, J.:

There is no dispute of the facts. The bridge in question was constructed in 1850 by the Saratoga and Washington Railroad Company, which was incorporated under chapter 249, section 13, of the Laws of 1834. The railroad over this bridge is now operated by the relator, Delaware and Hudson Company, as part of its railroad system. The Barge canal was constructed under the Barge Canal Act (Laws of 1903, chap. 147), as amended. A Barge canal terminal was constructed at Fort Edward under chapter 746 of the Laws of 1911, and the Barge canal, at the location of this bridge, is in the Hudson river. To reach this terminal it is necessary to pass under this bridge. The clearance under the bridge is less than fifteen and one-half feet, the required clearance over the canal. (See Barge Canal Act, § 3, as amd. by Laws of 1913, chap. 801. Since amd. by Laws of 1921, chap. 687.) This bridge has not been appropriated by the State and no notice, or request, to raise the bridge has been given to the relator by the Superintendent of Public Works or the State Engineer, or any official representing the Canal Board. An application was made to the Public Service Commission of the Second District by residents of the village and town of Fort Edward and, after hearing, the relator was ordered to raise, as soon as practicable, this railroad bridge, so that the vertical clearance from the surface of the water in the Barge canal (or Hudson river) to any part of the said bridge shall be at least fifteen feet, six inches. The appeal here is from this order.

The position of the relator is that it does not oppose this improvement, but that the Public Service Commission is without jurisdiction to make the order, and that expenditures in compliance with its order would not constitute a valid claim against the State; that the State can only be bound to pay the expense when the proceedings are had in accordance with the provisions of the Barge Canal Act. The Attorney-General also appeared and objected that the Public Service Commission had not jurisdiction to make the order.

The bridge in question was a lawful structure and the relator had the lawful right to operate and maintain it in its present position over the Hudson river, a public navigable

242    People ex rel. D. & H. Co. *v.* Pub. Serv. Comm.

Third Department, September, 1921.    [Vol. 198

stream, subject to the right of the State to improve, preserve and promote navigation. The grant by the State, to the predecessor of relator, of the right to construct and maintain the bridge did not change or destroy the character of the river as a public stream. Because of the location of the Barge canal in the Hudson river under this bridge and of the terminal at Fort Edward, the bridge, formerly a lawful structure, has become an obstruction to navigation, and it is necessary, in order to remove this obstruction, to change the form of the bridge in such manner as to give the clearance required of fifteen and one-half feet. This change can be required and accomplished by act of the Legislature of the State providing for improvement of navigation, and in no other way. The construction of the Barge canal in the Hudson river at this point is an improvement for purposes of navigation, and the Barge Canal Act is a legislative act providing for such improvement. Under the Barge Canal Act (§ 3) new bridges shall be constructed over canals in place of existing bridges wherever made necessary by a new location of the canals; and, when the canal is located in the Hudson river, a bridge over the river is a bridge over the canal. (*Town of Easton* v. *Canal Board*, 216 N. Y. 486.) The word " bridges " in the statute includes both highway and railroad bridges. (*Lehigh Valley R. R. Co.* v. *Canal Board*, 146 App. Div. 151; affd., 204 N. Y. 471, approving the opinion in the Appellate Division.) And a substantial, necessary change in the form or framework of an existing bridge is within the intent and meaning of the act. The State has consented to assume and pay the cost of the new bridges, or of the necessary changes in existing bridges. It has directed that the necessary changes be made through the Canal Board, the Superintendent of Public Works and the State Engineer. The Barge Canal Act (§ 3) required the " Superintendent of Public Works and the State Engineer * * * to proceed to improve the Erie canal, the Oswego canal and the Champlain canal in the manner hereinbelow provided; " and below required that " new bridges shall be built over the canals to take the place of existing bridges wherever required, or rendered necessary by the new location of the canals." (*Town of Easton* v. *Canal Board, supra.*) The statute does not put this duty upon, nor does it give any authority

to perform the duty to, any other officer.   Nor does the statute by words or implication direct or permit this relator to make the improvement.   The proposed change or improvement of the bridge is in no sense for the purposes of the relator.   The State alone, through its authorized officials, is to do the work and incur the expense.   There is no other provision for funds to carry out the Barge canal improvement than is contained in the Barge Canal Act, and the right to indemnity for any expenses incurred in the construction or change of bridges must rest solely upon the statute.   The State would have had the right to remove this bridge without compensation to its owner under its power to improve and promote navigation (*Sage* v. *Mayor*, 154 N. Y. 61); nevertheless it has, by the Barge Canal Act, consented to bear the necessary expenses, but only in the manner provided by this act.

The Public Service Commission is a creature of the statute and it has those powers only which are conferred by the statute.   It is conceded that section 50 of the Public Service Commissions Law does not apply, but the Public Service Commission believed that sufficient authority for making the order is found in the Public Service Commissions Law, section 57, which is:

" Summary proceedings.   Whenever either Commission shall be of opinion that a common carrier, railroad corporation or street railroad corporation subject to its supervision is failing or omitting or about to fail or omit to do anything required of it by law or by order of the Commission, or is doing anything or about to do anything or permitting anything or about to permit anything to be done, contrary to or in violation of law or of any order of the Commission, it shall direct counsel to the Commission to commence an action or proceeding in the Supreme Court of the State of New York in the name of the Commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction."

This section does not confer the required authority.   In *People ex rel. N. Y., N. H. & H. R. R. Co.* v. *Willcox* (200 N. Y. 423) the meaning and scope of the Public Service Commissions Law is discussed and the court refers specifically to section 45 of the Public Service Commissions Law, defining the general

powers of the Commission and granting to the Commission general supervision of all common carriers, " with respect to their compliance with all provisions of law, orders of the Commission and charter requirements," and says: " the 'provisions of law ' which section 45 refers to are, obviously, only those which the Public Service [Commissions] Law contained. The section would have been very differently framed, if, by 'provisions of law,' all the provisions of the statute, or common, law were meant and the Commissions were to be general agencies for the prosecution, generally, of violations." The reasons given and the conclusions reached in that decision justify the holding that the words " in violation of law " and " required of it by law," in section 57 above quoted, refer to and mean the Public Service Commissions Law and not any other law. The maintenance of this bridge in its present condition is not in violation of any provisions of the Public Service Commissions Law.

In another respect this section does not confer the required authority. The broadest authority that can be claimed under this section is that the Commission could direct its " counsel * * * to commence an action or proceeding in the Supreme Court of the State of New York in the name of the Commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction." The Public Service Commission has not complied with this part of the section. If it intended to act under this section it should have directed its counsel to commence an action in the Supreme Court, which has jurisdiction to require the Canal Board, the Superintendent of Public Works and the State Engineer to perform the duties put upon them by the Barge Canal Act.

In *Town of Easton* v. *Canal Board* (*supra*) the Canal Board and State officials were enjoined and restrained from failing and refusing to complete a new highway bridge across the Hudson river and over the Barge canal and were required to complete the bridge, the Court of Appeals holding that the Supreme Court had power to compel such officials to perform the duty which the statute requires them to perform. In the *Lehigh Valley Railroad Co. Case* (*supra*) the Canal Board and State officers were restrained from trespassing upon or

interfering with the plaintiff's bridge unless either they constructed as required by statute a new bridge and approaches, or appropriated said bridge and its approaches in the manner provided by section 4 of chapter 147 of the Laws of 1903, being the act authorizing and directing such improvement. It is not necessary that the State officials should appropriate this bridge under section 4 of the Barge Canal Act (as amd. by Laws of 1913, chap. 801). The Superintendent of Public Works could direct the relator to make the necessary changes in its bridge. Such direction being complied with, the changes would be made, and the expense incurred, by the relator in submission to the authority of the State, and the result would be the same as if done by the State itself, and the right to compensation would follow. (*Oswego & Syracuse R. R. Co.* v. *State,* 226 N. Y. 351.) But, if this improvement be made by the relator under the order of the Public Service Commission, we think that it would be unauthorized. When the State by legislative act has assumed to make a public improvement at its expense and has provided the manner in which the work shall be performed, the terms of the act must be complied with before payment may be enforced against the State. (*Plumtree* v. *Dratt,* 41 Barb. 333; *Gates* v. *State,* 128 N. Y. 221, 228; *Locke* v. *State,* 140 id. 480, 481.)

It appears that, in the original plans for improvement of the Champlain canal as a part of the Barge canal, no provision was made for the Fort Edward terminal, and consequently the improvement of this bridge was not specified and funds were not provided therefor as in the case of other bridges along the proposed Barge canal; also that the Canal Board, or the Superintendent of Public Works, has been asked to make the necessary change in this bridge, but refused because of lack of funds. These circumstances present no reason why the railroad company can be required to make the improvement. Whether or not the State Engineer should be required to proceed with the improvement would have to be determined when a proper proceeding was brought for that purpose. (*Town of Easton* v. *Canal Board, supra.* And see *People ex rel. Hopkins* v. *Board of Supervisors of Kings County,* 52 N. Y. 556, 564.)

We conclude, therefore, that the Public Service Commission

was without jurisdiction to make the orders under review, and that the relator should not be required to make the proposed change in its bridge at its own expense.

The orders under review are vacated and the proceeding dismissed.

JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE and KILEY, JJ., concur.

Determination reversed, order brought up for review annulled, and proceeding dismissed, with fifty dollars costs and disbursements to the relator.