Town of Saratoga et al., Respondents, *v.* Frederick S. Greene, Individually and as Superintendent of Public Works of the State of New York, Appellant.

Canal — bridges — when State required to maintain and keep in repair highway bridge built to replace bridge rendered useless by construction of Barge canal — statutes relating to construction and repair of such bridges construed and applied.

1. Under section 121 of the Canal Law (Cons. Laws, ch. 5), which is practically a re-enactment of section 1 of chapter 207 of the Laws of

1839, the State is required to repair and keep in good order, safe and adequate for public use, a bridge built, pursuant to the provisions of the Barge Canal Act, over the Hudson river at Schuylerville to replace a bridge constructed before April 20, 1839, and if the Superintendent of Public Works refuses so to do, the towns connected by the bridge may compel him to make the necessary repairs.

2. A contention that section 121 of the Canal Law applies only to bridges which were constructed over canals prior to April 20, 1839, and that, although this bridge spanned the river prior to that date, it did not span a canal until the Hudson river was canalized as part of the Champlain canal under the provisions of the Barge Canal Act, is untenable. The provisions of the statute (L. 1839, ch. 207), which originally applied only to the Erie canal, have been extended by other statutes (L. 1854, ch. 332; L. 1894, ch. 338) so as to include other canals, among which is the Champlain canal, and such provisions are now embodied without change in sections 2 and 121 of the Canal Law (Cons. Laws, ch. 5). The Schuylerville bridge having been destroyed in the enlargement of the Champlain canal, the State by the Barge Canal Act, was required to rebuild and replace it, as part of the State highway, and, therefore, under the provisions of section 121 of the Canal Law the State authorities are obliged to maintain and keep in repair that part of the bridge which spans the canalized part of the river.

*Town of Saratoga* v. *Greene*, 212 App. Div. 843, affirmed.

(Argued March 4, 1925; decided March 31, 1925.)

APPEAL from two judgments entered, respectively, January 27, 1925, and February 10, 1925, upon two orders of the Appellate Division of the Supreme Court in the third judicial department, which affirmed two orders of Special Term denying defendant's motion to dismiss the complaint and granting the plaintiffs' motion for judgment on the pleadings.

Albert Ottinger, Attorney-General (*Edward J. Mone* of counsel), for appellant. The duty of maintaining the bridge in question devolves upon plaintiffs. (*Hill* v. *Bd. of Suprs.*, 12 N. Y. 52; *Matter of Town of Saratoga*, 160 App. Div. 60; *L. V. R. R. Co.* v. *Canal Board*, 146 App. Div. 151; 204 N. Y. 471.) Section 121 of the Canal Law relates only to bridges which, prior to April 20, 1839,

were built or existed over the canals of the State.   It does not apply to bridges constructed prior to 1839 under which the Barge canal was constructed at a later date.   (*Town of Ridgway* v. *Treman,* 72 Misc. Rep. 452.)

*Henry F. Toohey* for Town of Saratoga, respondent. The State Superintendent of Public Works is required by section 121 of the Canal Law and chapter 147 of the Laws of 1903 and laws amendatory thereof to maintain the bridge in question.   (*Town of Ridgway* v. *Treman,* 72 Misc. Rep. 452; *People* v. *Horton,* 64 N. Y. 610.)

*Spencer B. Eddy, Erskine C. Rogers* and *Wyman S. Bascom* for Town of Easton, respondent.   The defendant should be required to comply with the law and maintain the bridge.   (*Woodman* v. *State,* 127 N. Y. 397; *People* v. *Syracuse R. T. R.,* 129 App. Div. 800; *Patane* v. *State,* 114 Misc. Rep. 713; *Learn* v. *State,* 113 Misc. Rep. 225; *Weaver* v. *State,* 118 Misc. Rep. 349.)   There is specific authority for the repair of the present bridge.   (Cons. Laws, ch. 5, § 121.)

CRANE, J.   The Hudson river forms the boundary line between the counties of Washington and Saratoga.   The town of Easton in Washington county is on the east bank, and the town of Saratoga in Saratoga county is on the west bank.   A small island, about 200 feet in width and about 1,800 feet long, divides the river into two channels.   A bridge extends from the eastern side of the river to the island, and from the island to the Saratoga side.   It was formerly owned by a bridge company as a toll bridge, and in February, 1911, the two counties purchased it pursuant to sections 338 to 342 of the Highway Law (Cons. Laws, ch. 25).   The State in making the canal improvements authorized by the Barge Canal Act (Laws of 1903, chap. 147) canalized a part of the river east of the island, excavating therein a channel

for the canal about 200 feet wide, and removed the part of the bridge over that channel, and built piers upon either side of the channel upon which it constructed a permanent steel bridge. (*Matter of Town of Saratoga,* 160 App. Div. 60 [1914].) The bridge constructed by the State was apparently only temporarily joined to the old parts, and the State refused to complete the structure so as to make it permanently fit for use. Thereupon a proceeding was commenced by the town of Easton against the Canal Board to compel the State authorities to complete the building of the new bridge. It was decided that the old bridge between the town of Easton and the island was so interfered with in the course of the Barge canal construction as to be rendered useless, and that the Barge Canal Act made it the duty of the State officials to build a new bridge, adequate and safe, to take the place of the one destroyed. The officials were thereupon restrained from failing and refusing to complete the building of the new bridge between the town of Easton and the island in the Hudson river, referred to. This court said: " The bridge when completed will form part of the highway of the towns of Easton and Saratoga." (*Town of Easton* v. *Canal Board,* 216 N. Y. 486, 488 [1916].)

The bridge is in bad repair and needs fixing. The State refuses to make any repairs, claiming that this duty rests upon the towns of Easton and of Saratoga. This action has been brought by these two towns against the defendant as Superintendent of Public Works of the State of New York to compel him to perform a duty which by statute has been placed upon him to repair this bridge and keep it in good order, safe and adequate for public use.

A bridge at this point has spanned the Hudson river since 1837. It was known as the Schuylerville bridge and consisted of two sections. One section extended from the village of that name to the island, known as Bridge island, and another section from the island to the

easterly uplands in the town of Easton.   Up to the time
of the Barge Canal Act, no portion of the State canals
was spanned by this bridge.   By that act (Laws of 1903,
chap. 147) the improvement of the Erie, Oswego and
Champlain canals was to be made, the route of the
Champlain canal being designated as follows: " Beginning
in the Hudson river at Waterford, thence up the Hudson
river canalized to near Fort Edward; thence via the
present route of the Champlain canal to Lake Champlain
near Whitehall."   This route took the canal as con-
structed in the Hudson river under the Schuylerville
bridge which had to be torn down and removed, as the
clearage way was insufficient as provided by the act.
Continuing, the act provided: " New bridges shall be
built over the canals to take the place of existing bridges
wherever required, or rendered necessary by the new
location of the canals.   All fixed bridges and lift bridges
when raised shall give a clear passage way of not less
than fifteen and one-half feet between the bridge and the
water at its highest ordinary navigable stage."   Following
the directions of this act, and the judgment of this court
in the *Town of Easton* case, the State authorities built
a new bridge in place of the one destroyed which has been
used as part of the State highway going east and west
across the Hudson river at this point.

It now remains to consider whether or not the State
authorities having built this bridge in accordance with
the Barge Canal Act are now obliged to maintain it.
It is conceded that primarily the duty to repair a bridge
on a highway which has become out of repair is generally
placed upon the town or municipality in which it is
located.   (*People ex rel. Keene* v. *Supervisors of Queens
Co.,* 142 N. Y. 271, 276; *People ex rel. Morrill* v. *Super-
visors of Queens Co.,* 112 N. Y. 585, 587; *Hill* v. *Board of
Supervisors, Livingston Co.,* 12 N. Y. 52, 57; Highway
Law, section 250.)   We must, therefore, look for some
statutory provision placing the duty of keeping this bridge

in repair upon the State. We find such a provision in section 121 of the Canal Law. It reads:

" The superintendent of public works is authorized and required to construct and hereafter maintain, at the public expense, road and street bridges over the canals, in all places where such bridges were constructed prior to the twentieth day of April, eighteen hundred and thirty-nine, if, in his opinion, the public convenience requires that they should be continued, whether theretofore maintained at the expense of the State or of the towns, villages and cities where they are situate."

The Schuylerville bridge, across the Hudson from the town of Easton to Bridge island, was constructed prior to the twentieth day of April, 1839, and would, therefore, come within the provisions of this section unless the point raised by the Attorney-General, and which is the only point in this case, prevails. He says that this section applies to bridges which were constructed *over canals* prior to the twentieth day of April, 1839, and that the Schuylerville bridge did not span a canal until the Hudson river was canalized, after 1903. The Schuylerville bridge spanned the river prior to 1839 but it did not span a canal prior to that time. Therefore he reasons that section 121 of the Canal Law does not apply. I cannot follow his reasoning or give to this section such a narrow construction. If this were a new canal as distinguished from being an extension of the Champlain canal, the reasoning of the Attorney-General might have some force. But section 121 of the Canal Law is made applicable in section 2 of the same act to the Erie canal, the Champlain canal, the Cayuga and Seneca canal, the Oswego canal, and the Black river canal. If, therefore, in the widening or reconstruction of any of these canals, old bridges were torn down, and new ones built, section 121 would be applicable if such bridges existed prior to 1839.

By the Barge Canal Act, the old system of canals, including the Champlain canal, was improved, widened

and extended.   The direction in some places was changed. When the new route took it under a bridge which had to come down, I can see no difference in principle or in reason for not applying section 121 to such a bridge and applying it to a bridge which has to come down because the canal was widened 50 or 100 feet.   In both instances a bridge is destroyed because new territory is taken or absorbed by the canal.   The Schuylerville bridge existed prior to 1839.   It had to come down because the canal was to pass beneath it, and in this particular does not differ from the bridge which has to come down because of the reformation of a canal by widening, building of locks, basins, or any other changes.   The fact that the canal itself is moved a distance of some feet running no longer through the mainland, but through the river, is no different in effect and should not be in consequence from the stretching out or widening of the canal to take in the river.   These conclusions may be better supported by a reference to the original law.

Section 121, above referred to, was originally enacted as section 1, chapter 207 of the Laws of 1839, entitled, " An act in relation to bridges over the enlarged Erie canal," which read as follows:

" Sec. 1.  The canal commissioners are hereby authorized and required to construct and hereafter maintain at the public expense, road and street bridges over the enlarged Erie canal, in all places where such bridges have been heretofore constructed, if in their opinion the public convenience requires that they should be continued, whether the same have been heretofore maintained at the expense of the State, or of the towns, cities or villages where they are situate."

The language employed in sections 2 and 3 of this act referring to farm bridges is substantially the same as those paragraphs now found in section 121.   This chapter, 207 of the Laws of 1839, became a law on April 20th of that year, which accounts for this date in the subsequent

enactments of the law. It was obviously drawn to meet a condition created by the enlargement of the original canal begun in 1836 under chapter 274 of the Laws of 1835. As originally constructed under chapter 262 of the Laws of 1817, the Erie canal was forty feet wide at the water surface and four feet deep. Under the act of 1835, it was enlarged to a depth of seven feet and a seventy-foot width of water surface. As the Attorney-General states in his brief, this doubtlessly required the reconstruction or replacement of numerous highway bridges spanning the canal. If this was the sole origin and history of section 121 of the Canal Law, there might be much force in the Attorney-General's point as heretofore explained. The beneficial effects, however, of section 1, chapter 207 of the Laws of 1839, were continued and extended to other localities and conditions. By section 7, chapter 332 of the Laws of 1854, all the provisions of chapter 207 of the Laws of 1839 relating to bridges over the enlarged Erie canal were made applicable to bridges over the enlarged Oswego, Cayuga and Seneca canals and the enlarged Cayuga inlet.

By chapter 338 of the Laws of 1894 the Canal Laws were revised and became chapter 13 of the General Laws. Section 2 read as follows:

" Section 2. Definitions.— This chapter applies to the following canals:

" 1. The Erie canal, connecting the waters of Lake Erie with those of the Hudson river.

" 2. The Champlain canal, connecting the waters of Lake Champlain with those of the Hudson river.

" 3. The Cayuga and Seneca canal, commencing at Geneva and terminating near Montezuma, connecting the waters of Seneca lake with Erie canal.

" 4. The Oswego canal, commencing at Syracuse and terminating at Oswego.

" 5. The Black River canal and Erie canal feeder, extending from the foot of the high falls in the Black

river, in the county of Lewis, to the Erie canal at Rome, with a navigable feeder from the Black river to the summit level near the village of Boonville.

" The term canal, as used in this chapter, includes all the sidecuts, feeders and other works belonging to the state connected therewith."

Section 111 read as follows:

" Section 111. Farm and road bridges.— The superintendent of public works is authorized and required to construct and hereafter maintain, at the public expense, road and street bridges over the canals, in all places where such bridges were constructed prior to the 20th day of April, 1839, if, in his opinion, the public convenience requires that they should be continued, whether theretofore maintained at the expense of the State or of the towns, villages and cities where they are situate."

(I do not quote the two paragraphs of this section relating to farm bridges, as they are not applicable here.)

These two sections, section 2 and section 111, were carried without change into sections 2 and 121 of the Consolidated Canal Law (Laws of 1909, chapter 13). From the history of this law we find that it originally applied to bridges to be built over the enlarged Erie canal. By later enactments the duty to maintain bridges at public expense was extended to other canals than the Erie canal, for instance, to the Champlain canal, and was not restricted to a mere *enlargement* of the canal. The word " enlarged " as used in the Laws of 1839 was left out in the Laws of 1894. The duty extended to reconstructed bridges over the canals wherever those canals should be, whether they were enlarged or not. If, therefore, any of the canals specified in the Canal Law were so modified in construction, dimensions, location or route as to require the reconstruction or the rebuilding of a bridge, the State authorities were bound to build and maintain it, if a bridge at the point or place had been maintained prior to April 20, 1839.

The Attorney-General would read these laws as if they applied solely to a bridge over a canal as it existed prior to 1839. If the enlarging of the canal as it was prior to 1839 required the building of a new bridge, then he concedes that the State must maintain it. However, he says, if the canal be enlarged or changed so as to take in an adjoining waterway, destroying a bridge which had existed prior to 1839, the State would have to replace the bridge at State expense, but would not be obliged to maintain it. I think that section 121, both in letter and in spirit, applies to such a situation.

The Schuylerville bridge, having been destroyed in the enlargement of the Champlain canal, the State, by the Barge Canal Act, was obliged to rebuild and replace it, forming part of the State highway. This court has so decided. (*Town of Easton* v. *Canal Board, supra.*) We now hold that section 121 of the Canal Act refers to this bridge and that the State authorities are obliged to maintain and keep it in repair. This ruling of course applies to that portion of the bridge which has been built by the State, extending from the town of Easton to Bridge island. It does not apply to that portion extending from the island to the township of Saratoga. (*Matter of Town of Saratoga,* 160 App. Div. 60.)

The judgments appealed from (two judgments, one by the town of Saratoga, and one by the town of Easton) should be affirmed, with costs of this appeal to both respondents.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Judgments affirmed.